1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIMBERLY ERIN CASELMAN, on behalf of herself and all others similarly situated,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>PIER 1 IMPORTS (U.S.), INC., DOES ONE through TEN inclusive,  )<br><br>Defendant.  ) | Case No.: 14-CV-02383-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION REGARDING SUGGESTION OF LACK OF SUBJECT MATTER JURISDICTION |

Defendant Pier 1 Imports (U.S.), Inc. ("Pier 1" or "Defendant") brings the instant Motion Regarding Suggestion of Lack of Subject Matter Jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. ECF No. 18 ("Mot."). Because plaintiff Kimberly Erin Caselman ("Plaintiff") no longer works for Pier 1, Defendant argues that Plaintiff's individual claim for injunctive relief is moot, depriving her of Article III standing to pursue an injunction on behalf of any putative class. Defendant does not contest Plaintiff's standing to pursue monetary relief.

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's Motion Regarding Suggestion of Lack of Subject Matter

1

1    Jurisdiction.  Accordingly, the Court DISMISSES Plaintiff's claims for injunctive relief with leave

2    to amend.

3    **I.       BACKGROUND**

4           **A. Factual Allegations**

5           Plaintiff began working as a sales associate at Defendant's San Jose store in November

6    2011.  ECF No. 1 Ex. 3, First Amended Complaint ("FAC") ¶ 12.  In November 2013, Plaintiff

7    notified her store manager that she was pregnant.  *Id.* ¶ 14.  Pursuant to the manager's request,

8    Plaintiff provided a statement from her doctor attesting that she was restricted from lifting more

9    than fifteen pounds and climbing ladders during her pregnancy.  *Id.* ¶ 15.  Plaintiff's doctor

10   estimated her due date to be July 7, 2014.  *Id.* ¶ 13.

11          Based on the restrictions certified by Plaintiff's doctor, Defendant placed Plaintiff on an

12   eight-week light duty assignment pursuant to the company's Light Duty Policy (the "Policy").

13   FAC ¶ 16.  The Policy provides that "Light Duty assignments may be granted for a period of up to

14   eight weeks" to "associates with temporary mild work restrictions."  *Id.* ¶ 17.  "In no event," the

15   Policy continues, "will temporary Light Duty assignments be extended for a period of more than

16   eight weeks."  *Id.*  For "associates requiring an extended temporary Light Duty assignment," the

17   Policy explains that they "may qualify for leave under the Family and Medical Leave Act (FMLA)

18   or for a Pier 1 Imports Medical Leave of Absence."  *Id.*  Plaintiff's eight-week light duty

19   assignment began on November 26, 2013, and ended on January 16, 2014.  *Id.* ¶ 16.

20          On January 9, 2014, Defendant sent Plaintiff a letter reiterating the company's eight-week

21   light duty policy and requesting an updated physician's statement.  FAC ¶ 19.  On January 16,

22   2014, Plaintiff provided Defendant with the requested doctor's statement and asked Defendant to

23   extend her pregnancy accommodations beyond eight weeks so that she could continue working.  *Id.*

24   Plaintiff's request was denied, and on January 17, 2014, Defendant placed Plaintiff on concurrent

25   unpaid Pier 1 Medical Leave and California Pregnancy Disability Leave.  *Id.* ¶ 21.

26          On June 12, 2014, Plaintiff gave birth to her son, who was born prematurely.  ECF No. 26

27   at 2.  Plaintiff claims she was disabled as a result of the childbirth until July 24, 2014.  *Id.*  Eight

28

United States District Court
For the Northern District of California

2

Case No.: 14-CV-02383-LHK
ORDER GRANTING DEFENDANT'S MOTION REGARDING SUGGESTION OF LACK OF SUBJECT MATTER
JURISDICTION

days earlier, on July 16, 2014, Plaintiff had requested that Defendant grant her an additional six weeks of leave to bond with her infant son. *Id.* Defendant denied her request, and Plaintiff ultimately resigned from Defendant's employ on August 6, 2014. *Id.*

### B. Procedural History

Back on April 16, 2014, Plaintiff filed a class action lawsuit in Santa Clara County Superior Court, alleging that Defendant had failed to reasonably accommodate conditions related to pregnancy in violation of California's Fair Employment and Housing Act ("FEHA"), *see* Cal. Gov't Code § 12945(a)(3)(A), and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq. See* ECF No. 1 Ex. 1. Plaintiff sought declaratory, injunctive, and monetary relief on behalf of herself and all others similarly situated. *Id.* On May 21, 2014, Plaintiff filed her FAC. The following day, Defendant removed the case to federal court. ECF No. 1. Defendant answered the FAC on July 24, 2014. ECF No. 11.

On September 12, 2014, Defendant filed the instant Motion Regarding Suggestion of Lack of Subject Matter Jurisdiction. To allow Plaintiff sufficient time to find "one or more class members with standing to pursue injunctive relief" to serve "as class representatives," ECF No. 19 at 3, and finding good cause shown, the Court granted Plaintiff's Ex Parte Application to Extend Time to File an Opposition on September 19, 2014, *see* ECF No. 21. Plaintiff opposed the instant motion on December 4, 2014, ECF No. 44 ("Opp."), and Defendant replied on December 11, 2014, ECF No. 46.

## II.     LEGAL STANDARD

"[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3), which provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (second alteration in original) (quoting Fed. R. Civ. P. 12(h)(3)); *see also Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983) ("The matter of subject matter jurisdiction . . . may be raised by the parties at any time . . . as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction."). "Because standing and mootness

Case No.: 14-CV-02383-LHK
ORDER GRANTING DEFENDANT'S MOTION REGARDING SUGGESTION OF LACK OF SUBJECT MATTER JURISDICTION

United States District Court
For the Northern District of California

1  both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly

2  raised" in a Rule 12(h)(3) filing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

3  **III.    DISCUSSION**

4        Defendant argues that Plaintiff's individual claim for injunctive relief must be dismissed as

5  moot because Plaintiff no longer works for Pier 1.  Mot. at 3-5.  As Plaintiff's own claim for

6  injunctive relief is now moot, Defendant contends that Plaintiff is also barred from seeking an

7  injunction on behalf of the unnamed class members.  *Id.* at 5-6.  The Court agrees for the reasons

8  stated below.

9        **A.  Plaintiff's Individual Claim for Injunctive Relief**

10        A federal court must ask whether a plaintiff satisfies the "case or controversy" requirement

11  of Article III of the U.S. Constitution.  "One element of the case-or-controversy requirement is that

12  plaintiffs must establish that they have standing to sue."  *Clapper v. Amnesty Int'l USA*, 133 S. Ct.

13  1138, 1146 (2013) (internal quotation marks omitted).  To establish Article III standing, a plaintiff

14  must allege: injury-in-fact that is (1) concrete and particularized, as well as actual and imminent;

15  (2) fairly traceable to the challenged action of the defendant; and (3) redressable by a favorable

16  ruling.  *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).  "The party invoking

17  federal jurisdiction bears the burden of establishing these elements."  *Lujan v. Defenders of*

18  *Wildlife*, 504 U.S. 555, 561 (1992).  A federal court plaintiff "must demonstrate standing separately

19  for each form of relief sought."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528

20  U.S. 167, 185 (2000).

21        "Like standing, the case or controversy requirement of Article III, § 2 also underpins the

22  mootness doctrine."  *ACLU of Nev. v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006).  "Whereas

23  standing is evaluated by the facts that existed when the complaint was filed, mootness inquiries . . .

24  require courts to look to changing circumstances that arise after the complaint is filed."  *Id.*

25  (alteration and internal quotation marks omitted); *see also Friends of the Earth*, 528 U.S. at 189-92

26  (explaining "the distinction between mootness and standing" under Article III).  Article III's "case-

27  or-controversy requirement demands that, through all stages of federal judicial proceedings, the

28

4

1    parties continue to have a personal stake in the outcome of the lawsuit."  *Carty v. Nelson*, 426 F.3d

2    1064, 1071 (9th Cir. 2005) (internal quotation marks omitted).  "If a 'live' controversy no longer

3    exists, the claim is moot."  *Lomax*, 471 F.3d at 1016.

4          Here, Defendant argues that even if Plaintiff had standing to bring suit initially, Plaintiff's

5    claim for injunctive relief is now moot because she no longer works at Pier 1 and thus will not

6    benefit personally from any injunction that may be imposed.  Mot. at 4-5.  Plaintiff agrees.  *See*

7    Opp. at 9 ("After Ms. Caselman left her employment with Pier 1 in July 2014, . . . she no longer

8    had a reasonable expectation that Pier 1's policy would be applied to her again.  Her individual

9    injunctive relief claim is therefore moot.").  So does the Court.  *See Walsh v. Nev. Dep't of Human*

10   *Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that plaintiff "lacked standing to sue for

11   injunctive relief" because she was "no longer an employee of the Department" and thus "would not

12   stand to benefit from an injunction requiring the anti-discriminatory policies she requests at her

13   former place of work").  As in *Walsh*, "[t]here is no indication . . . that [Plaintiff] has any interest in

14   returning to work for" Pier 1.  *Id.*  Because Plaintiff no longer has a "personal stake" in her claim

15   for an injunction, the Court dismisses as moot Plaintiff's individual claim for injunctive relief.  *See*

16   *Poway Unified Sch. Dist. v. K.C. ex rel. Cheng*, No. 10CV897-GPC DHB, 2014 WL 129086, at *4-

17   5 (S.D. Cal. Jan. 14, 2014) (finding plaintiff's claim for injunctive relief "moot" where plaintiff

18   was "no longer a student within the district" and "there are no allegations that [plaintiff] might at

19   some point be subject to the district's same policies and actions"); *Jadwin v. Cnty. of Kern*, No.

20   107-CV-00026-OWW-DLB, 2009 WL 2424565, at *8 (E.D. Cal. Aug. 6, 2009) (holding that even

21   if "Plaintiff had standing at the time of the operative pleading, Plaintiff's claim for injunctive relief

22   is moot" because "[h]e is not an employee of the County, is not seeking reinstatement, and there is

23   no reasonable likelihood that he will resume employment with the County").

24          **B.  Plaintiff's Claim for Injunctive Relief on Behalf of the Putative Class**

25          Where, as here, a named plaintiff's claim has become moot *after* the filing of a class action

26   lawsuit, courts look to whether the inherently transitory exception to mootness applies to save the

27   putative class claims.  *See, e.g.*, *Haro v. Sebelius*, 747 F.3d 1099, 1110 (9th Cir. 2014).  This

28

**United States District Court**
For the Northern District of California

5

1    exception involves claims that "'are so inherently transitory that the trial court will not have even

2    enough time to rule on a motion for class certification before the proposed representative's

3    individual interest expires.'"  *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011)

4    (quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)).  "An inherently transitory

5    claim will certainly repeat as to the class, either because '[t]he individual could nonetheless suffer

6    repeated [harm]' or because 'it is certain that other persons similarly situated' will have the same

7    complaint."  *Id.* (alterations in original) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)).

8    "In such cases, the named plaintiff's claim is 'capable of repetition, yet evading review,'[1] and the

9    'relation back' doctrine is properly invoked to preserve the merits of the case for judicial

10    resolution."  *Id.* (citation and internal quotation marks omitted).

11           Defendant argues that Plaintiff's claim for injunctive relief on behalf of the putative class

12    must be dismissed because Plaintiff herself can no longer seek an injunction.  Mot. at 5-6 (citing

13    *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc)).  Notwithstanding

14    Plaintiff's acknowledgement that her individual claim for injunctive relief is now moot, Plaintiff

15    maintains that the injunctive relief claims of the unnamed class members are "not moot."  Opp. at

16    8-9.  "[T]hese claims," Plaintiff contends, are "protected from mootness by the inherently

17    transitory exception, and therefore relate back to the filing of the complaint," when "Ms. Caselman

18    had standing to seek injunctive relief on behalf of herself and the putative class."  *Id.* at 8.  As

19    "[p]regnancy is a classic example of an inherently transitory condition" that is "capable of

20

21           [1] A claim is said to be "capable of repetition, yet evading review" where "(1) the challenged
      action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is
22    a reasonable expectation that the same complaining party will be subject to the same action again."
      *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007) (internal quotation marks omitted).  The
23    precise relationship between the "capable of repetition, yet evading review" and "inherently
      transitory" exceptions to mootness is far from pellucid.  *See Olson v. Brown*, 594 F.3d 577, 583
24    (7th Cir. 2010) (explaining that "the 'inherently transitory' exception to the mootness doctrine,"
      which requires the named plaintiff to "show that there will likely be a constant class of persons
25    suffering the deprivation complained of in the complaint," "is distinct from the 'capable of
      repetition yet evading review' exception," which requires the named plaintiff to "show that the
26    claim is capable of repetition as to the named plaintiff").  Suffice it to say that a claim that "is in its
      duration too short to be fully litigated prior to cessation or expiration" probably qualifies as
27    inherently transitory.  *See, e.g.*, *Pitts*, 653 F.3d at 1090.

28

6

Case No.: 14-CV-02383-LHK
ORDER GRANTING DEFENDANT'S MOTION REGARDING SUGGESTION OF LACK OF SUBJECT MATTER
JURISDICTION

1    repetition, yet evading review," Plaintiff argues that the putative class claims for injunctive relief

2    need not be dismissed.  *Id.* at 3-4.

3         Plaintiff is mistaken.  Plaintiff's individual claim for injunctive relief is not moot because

4    she is no longer pregnant; her claim is moot because she no longer works for Pier 1.  That a

5    woman's pregnancy "truly could be capable of repetition, yet evading review" is therefore

6    irrelevant.  *Roe v. Wade*, 410 U.S. 113, 125 (1973) (internal quotation marks omitted).  Moreover,

7    Plaintiff makes no argument that her resignation from Pier 1 otherwise satisfies the inherently

8    transitory exception to mootness.  Plaintiff does not explain how her (former) status as an

9    employee of Pier 1 could be inherently too ephemeral to allow a court "enough time to rule on a

10   motion for class certification before [Plaintiff's] individual interest expires."  *McLaughlin*, 500

11   U.S. at 52 (internal quotation marks omitted).  The Court, for its part, has found no authority

12   suggesting that a named plaintiff may invoke the inherently transitory exception where the basis for

13   mootness is the named plaintiff's voluntary resignation from the defendant's employ.  What

14   authority exists suggests the opposite.  *See Jadwin*, 2009 WL 2424565, at *8 (finding "Plaintiff's

15   claim for injunctive relief is moot" where he ceased working for defendant during the course of his

16   lawsuit).

17        Plaintiff's citations to *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011), and

18   *Haro v. Sebelius*, 747 F.3d 1099 (9th Cir. 2014), are unavailing.  In *Pitts*, the Ninth Circuit

19   addressed "whether a putative class action becomes moot when the named plaintiff receives an

20   offer of settlement that fully satisfies his individual claim *before* he files a motion for class

21   certification."  653 F.3d at 1090.  The Court of Appeals concluded that the defendant's

22   "unaccepted offer of judgment did not moot Pitts's case because his claim is transitory in nature

23   and may otherwise evade review."  *Id.* at 1090-91.  Although "not *inherently* transitory," Pitts's

24   claims were rendered sufficiently "transitory by virtue of the defendant's litigation strategy" to

25   "buy off the small individual claims of the named plaintiffs."  *Id.* at 1091 (internal quotation marks

26   omitted).  Here, by contrast, Plaintiff does not dispute that her individual claim for injunctive relief

27   has become moot.  *See* Opp. at 9.  Nor does Plaintiff make any argument that the source of her

28

United States District Court
For the Northern District of California

7

Case No.: 14-CV-02383-LHK
ORDER GRANTING DEFENDANT'S MOTION REGARDING SUGGESTION OF LACK OF SUBJECT MATTER
JURISDICTION

claim's mootness—namely, her resignation from Pier 1—was an inherently "transitory" condition, or that Defendant's litigation strategy somehow rendered her claims transitory. *See Luman v. Theismann*, No. 2:13-CV-00656-KJM-AC, 2014 WL 443960, at *5-6 (E.D. Cal. Feb. 4, 2014) (finding plaintiff's "monetary claims for restitution" to be "not inherently transitory" because "they do not involve claims that will expire before the court can rule on class certification," nor were they "rendered transitory as a result of defendant's strategic actions").

In *Haro*, on the other hand, the Ninth Circuit held that even though a named plaintiff's "individual interest in injunctive relief expired" prior to class certification, the putative class claims were not moot because the district court "could not have been expected to rule on a motion for class certification" in the "approximately one month" period between when the plaintiff filed her lawsuit and when her individual claim became moot due to reimbursement. 747 F.3d at 1110. In contrast, Plaintiff here provides no basis for the Court to conclude that her voluntary decision to terminate her employment with Pier 1 renders her injunctive relief claim "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before [Plaintiff's] individual interest expires." *McLaughlin*, 500 U.S. at 52 (internal quotation marks omitted).

Plaintiff's citation to *Franks v. Bowman Transportation Co.*, 424 U.S. 747 (1976), fares no better. To be sure, the Supreme Court in *Franks* stated that "nothing" in the Court's prior jurisprudence "holds or even intimates that the fact that the named plaintiff no longer has a personal stake in the outcome of a certified class action renders the class action moot unless there remains an issue 'capable of repetition, yet evading review.'" *Id.* at 754. As Plaintiff acknowledges, however, the Supreme Court appears to have limited *Franks*'s reach to cases where a class has already been certified. *See* Opp. at 9 n.9; *see also, e.g.*, *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980) (citing *Franks* for the proposition that even if "there is no chance that the named plaintiff's expired claim will reoccur, mootness still can be avoided through *certification of a class* prior to expiration of the named plaintiff's personal claim" (emphasis added)); *Kremens v. Bartley*, 431 U.S. 119, 129-30 (1977) (citing *Franks* for the proposition "that

8

the presence of a *properly certified class* may provide an added dimension to our Art. III analysis, and that the mootness of the named plaintiffs' claims does not inexorably require dismissal of the action" (emphasis added) (internal quotation marks omitted)).  In the instant case, no class has yet been certified.  It may be true that the Supreme Court's decision in *McLaughlin* casts doubt on the propriety of cabining *Franks*'s language to instances where a class has been certified.  *See McLaughlin*, 500 U.S. at 52 ("That the class was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction.").  *McLaughlin*, though, involved the inherently transitory exception to mootness, which for the reasons stated above does not apply in the instant case.  Plaintiff offers no authority establishing that where a named plaintiff's claim has been mooted prior to class certification, and that claim is not subject to the inherently transitory exception to mootness, the claims of the unnamed class members may nevertheless survive.  Absent any such authority, Plaintiff's argument founders.

As a result, the Court concludes that because Plaintiff's own injunctive relief claim is now moot, and because Plaintiff cannot satisfy the inherently transitory exception to mootness, the Court must dismiss her claim for injunctive relief on behalf of the putative class.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion Regarding Suggestion of Lack of Subject Matter Jurisdiction.  Because Plaintiff could allege additional facts establishing that her injunctive relief claim is not moot or could add a class representative with standing to pursue injunctive relief on behalf of the putative class, the Court finds that amending the FAC would not necessarily be futile.  *See Schneider v. Space Sys./Loral, Inc.*, No. 5:11-CV-02489-JF, 2011 WL 4344232, at *3 (N.D. Cal. Sept. 15, 2011) ("[T]o the extent that any amended complaint seeks declaratory or injunctive relief, [plaintiff] must add or substitute a current employee of [defendant] as plaintiff for that purpose.").  Accordingly, the Court DISMISSES Plaintiff's claims for injunctive relief with leave to amend.  Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within twenty-one (21) days of the date of this Order.  Failure to meet the twenty-one-day deadline to file an amended complaint or

9

failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims for injunctive relief.  Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: January 7, 2015



LUCY H. KOH
United States District Judge

Case No.: 14-CV-02383-LHK
ORDER GRANTING DEFENDANT'S MOTION REGARDING SUGGESTION OF LACK OF SUBJECT MATTER JURISDICTION